UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RICHARD GIDDENS,

          Plaintiff,

   v.

CITY OF SUISUN, et al.,

          Defendants.

No. 2:14-cv-00943-TLN-AC P

ORDER

On September 5, 2014, plaintiff, proceeding pro se, filed a document styled as a notice of request to seal documents under Local Rule 141.  ECF No. 8.  The request states, in full:

> Plaintiff files this matter under seal as is appropriate under Local Rule 141 and Federal Rule of Civil Procedure 5.2(b).  Opposing party is being served the notice, but not the other documents.  The documents being submitted under seal are protected by HIPAA privacy laws and as such are not to be divulged to anyone but the Court.  Redacting the document for filing isn't appropriate and should be left under seal (see FRCP 5.2(d)).

Id.

With his request to seal, plaintiff submitted to the court: (1) a memorandum of points and authorities in support of the request to seal; (2) a separate request; and (3) an exhibit offered in support of the latter request.  Because plaintiff seeks to have these documents sealed as a result of his claimed privacy, the court will not describe the documents in detail.

////

On September 9, 2014, defendants submitted an opposition to the court, which was not included on the docket. Defendants oppose plaintiff's request for failure to comply with the Local Rules.

The Local Rules of the Eastern District of California provide that "[d]ocuments may be sealed only by written order of the Court." L.R. 141(a).

> The Notice [of Request to Seal Documents] shall describe generally the documents sought to be sealed, the basis for sealing, the manner in which the "Request to Seal Documents," proposed order, and the documents themselves were submitted to the Court, and whether the Request, proposed order, and documents were served on all other parties.

L.R. 141(b). A request to seal "shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." Id.

There is a strong presumption in favor of public access to court records. See Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002). However, "access to judicial records is not absolute." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). The Ninth Circuit has distinguished between the public's interest in accessing court records filed in connection with nondispositive and dispositive motions. See Phillips, 307 F.3d 1206; Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122 (9th Cir. 2003); Kamakana, 447 F.3d at 1172; In re Midland Nat'l Life Ins. Co., 686 F.3d 1115, 1119 (9th Cir. 2012).

The Ninth Circuit has determined that the public's interest in nondispositive motions is relatively lower than its interest in trial or a dispositive motion. Accordingly, a party seeking to seal a document attached to a nondispositive motion need only demonstrate "good cause" to justify sealing. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010) (applying "good cause" standard to all nondispositive motions because such motions "are often unrelated, or only tangentially related, to the underlying cause of action") (internal quotation marks and citation omitted). "The party seeking protection bears the burden of showing specific prejudice or harm will result if no [protection] is granted." Phillips, 307 F.3d at 1210–11. That party must make a "particularized showing of good cause with respect to any individual document." San Jose

1  Mercury News, Inc. v. U.S. Dist. Court, N. Dist. (San Jose), 187 F.3d 1096, 1103 (9th Cir. 1999).

2  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are

3  insufficient.  Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) (quoting

4  Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3rd Cir. 1986)).

5      Here, the "good cause" standard applies to plaintiff's request to file under seal because the

6  documents in question are nondispositive materials and are not judicial records.  However,

7  plaintiff fails to meet the requirements of both the Local Rules and the "good cause" standard.

8      First, plaintiff fails to generally describe the three documents he seeks to be sealed or a

9  sufficient basis for sealing.  L.R. 141(b).  Moreover, plaintiff provides no description of the three

10  separate documents submitted to the court.

11      Second, with regard to the basis for sealing, plaintiff only states the documents are

12  protected by HIPAA privacy laws.  However, this fails to meet the "good cause" standard.  While

13  plaintiff provided a separate memorandum of authorities in addition to the request filed on the

14  docket, the memorandum also fails to establish the requisite "good cause."  This is because

15  references to HIPPA or a general right to privacy, without more, fail to make a particularized

16  showing of good cause, San Jose, 187 F.3d at 1103, or establish "specific prejudice or harm will

17  result" with the disclosure of the information.  Kamakana, 447 F.3d at 1180, 1186.  Indeed,

18  plaintiff does not fully address why his separate request should be sealed.  While the court is

19  cognizant of plaintiff's privacy concerns, plaintiff has not shown good cause why all three of the

20  documents should be sealed.

21      For these reasons, IT IS HEREBY ORDERED that:

22      1.  Plaintiff's request to seal, ECF No. 8, is DENIED.

23      2.  The Clerk of the Court "will return to the submitting party the documents for which

24  sealing has been denied," L.R. 141(e)(1), and any electronically transmitted documents are

25  deemed returned, United States v. Chanthaboury, No. 2:12–cr–00188–GEB, 2013 WL 6404989,

26  ////

27  ////

28  ////

1  at *2 (E.D. Cal. Dec. 6, 2013).

2  Dated: September 19, 2014

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE