UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GIDDENS,<br><br>    Plaintiff,<br><br>    v.<br><br>SUISUN CITY, et al.,<br><br>    Defendants. | No.  2:14-cv-0943 AC (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a resident of Suisun City, California.  He finds himself at odds with the City, the City Council, the City Manager, the City Attorney, the police department, the Chief of Police, several police officers and his neighbors.  First Amended Complaint ("FAC"), ECF No. 23.  He sues under 42 U.S.C. § 1983 for alleged constitutional violations, including singling him out for unfair treatment.

I.  THE FIRST AMENDED COMPLAINT

Plaintiff alleges that: he was subjected to a false arrest and the application of unreasonable force by the police (FAC ¶¶ 22-82); the police and the City Council ignored his valid complaints about an illegal business being run by his neighbor, defendant Brandon Bluford (id., ¶¶ 83-90); the police refused to arrest another neighbor, Erik P. Pareja, after Pareja's dog charged him, and after Pareja cursed and threatened him (id., ¶¶ 91-103); the police and the City Council refused to take action after plaintiff complained that another neighbor, Suhkdev Singh, allowed renters to

1  turn Singh's house into "A Disorderly House" (id., ¶¶ 104-23); and he was intimidated by the
2  police at City Council meetings, and not allowed to speak for the time allotted him (id.,
3  ¶¶ 124-30).  Plaintiff sues Suisun City together with several officers and employees, the City
4  Council, the police department together with its Police Chief and four officers (collectively, the
5  "Suisun City defendants"), and Brandon Bluford, plaintiff's neighbor.

## II. PROCEDURAL BACKGROUND

Plaintiff filed his original complaint on April 17, 2014.  ECF No. 1.  Plaintiff asserted only the false arrest and application of unreasonable force claims.  Id.  The court dismissed plaintiff's Equal Protection claim in relation to which, at oral argument, plaintiff first made his "class of one" argument.  ECF No. 19.

## III. MOTION TO DISMISS

The Suisun City defendants move under Fed. R. Civ. P. 12(b)(6), to dismiss: (1) the third claim, which alleges that plaintiff is a "class of one" whose Equal Protection rights were violated by the Suisun City defendants; (2) the fourth claim, which alleges that the Suisun City defendants violated plaintiff's First Amendment right to petition his government for the redress of grievances; (3) the fifth claim, which alleges that all defendants conspired to deprive plaintiff of his constitutional rights, including his First Amendment rights; (4) the sixth claim, which alleges that the Suisun City officer defendants "neglect[ed] to prevent" violations by the police department of plaintiff's civil rights; and (5) the fourteenth claim, which alleges that defendants Suisun City Attorney, City Council, the City Manager and Police Chief Dadisho violated the Separation of Powers doctrine by hiring an attorney to represent both the legislative branch of City government as well as its executive branch.

Defendant Bluford has not appeared in the action.

## IV. LEGAL STANDARDS

"A motion to dismiss under Federal Rule of Civil Procedure 12(b) (6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim."  Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (internal quotation marks omitted), cert. denied, 132 S. Ct. 1762 (2012).  "Dismissal can be based on the lack of a cognizable legal theory or the

absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Twombly, 550 U.S. at 555-56), construe those allegations in the light most favorable to the plaintiff, Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010) (citing Twombly), and resolve all doubts in the plaintiff's favor. Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010) (citing Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738 (1976)). The court need not accept as true, legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011).

The federal rules contemplate brevity. Specifically, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

3

P. 8(a)(2); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim"). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1) ("[e]ach allegation must be simple, concise and direct"); McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) ("[t]he Federal Rules require that averments 'be simple, concise, and direct'").

The courts do grant leeway to pro se plaintiffs in construing their pleadings. See, e.g., Brazil v. U.S. Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995) ("[a]lthough a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong"). Even with leeway and liberal construction, however, the complaint must not force the court and the defendant to guess at what is being alleged against whom, require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit," or require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." McHenry, 84 F.3d at 1179. An excessively long and repetitive pleading, containing much narrative and story-telling, naming many defendants and other named individuals who may or may not be defendants, and with no clear statement of which individuals did what, very likely will result in dismissal of the case, with or without a motion to dismiss. See 28 U.S.C. § 1915(e)(2)(B)(2).

## V.  DISCUSSION

Defendant moves to dismiss some of plaintiff's Section 1983 claims.

In order to sue a local government entity or its employees in a federal court for civil rights violations, a plaintiff must rely on statutory provisions that permit individuals to seek relief in federal court. The federal civil rights statute provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

4

1    42 U.S.C. § 1983 ("Section 1983").

2    Section 1983 "creates a cause of action against a person who, acting under color of state
3    law, deprives another of rights guaranteed under the Constitution." Henderson v. City of Simi
4    Valley, 305 F.3d 1052, 1056 (9th Cir. 2002). "In order to allege a claim upon which relief may
5    be granted under § 1983, a plaintiff must show that he or she has been deprived of a right secured
6    by the Constitution and . . . laws of the United States and that the deprivation was under color of
7    state law." Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003) (internal quotation marks
8    omitted).

9    Here, plaintiff sues, among others, Suisun City and the Police Department of Suisun City.
10   Municipalities and other local governmental units are among those persons to whom 42 U.S.C.
11   § 1983 applies. Hernandez v. W. Sacramento Police Dept., 2013 WL 104830, at *3 (E.D.
12   Cal. 2013) (Claire, M.J.) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978)). To
13   state a claim under Section 1983 against a public entity, however, plaintiff must allege facts
14   showing that he suffered a constitutional injury because of a "policy, practice, or custom of the
15   local entity." Avalos v. Baca, 517 F. Supp. 2d 1156, 1162 (C.D. Cal. 2007) (citing Monell, 436
16   U.S. at 694), aff'd, 596 F.3d 583 (9th Cir. 2010). This type of claim can be asserted on three
17   different bases. "First, a public entity may be held liable when implementation of . . . official
18   policies or established customs inflicts the constitutional injury." Clouthier v. County of Contra
19   Costa, 591 F.3d 1232, 1249 (9th Cir. 2010) (internal quotation marks omitted). Second, such
20   liability may arise when a failure to act amounts to "deliberate indifference to a constitutional
21   right." Id. (internal quotation marks omitted). Third, this type of liability may arise when "an
22   official with final policy-making authority . . . ratifies a subordinate's unconstitutional decision or
23   action and the basis for it." Id. (quoting Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th
24   Cir. 1992) (per curiam), cert. denied, 510 U.S. 932 (1993)).

25   Because a defendant municipal employer is responsible only for its own "illegal acts," it
26   cannot be held vicariously liable for the actions of its officer employees. Connick v. Thompson,
27   131 S. Ct. 1350, 1359-60 (2011). Accordingly, if plaintiff relies upon the action of police officers
28   as the basis for his Section 1983 claim, he can establish liability on the part of such a municipal

1  defendant only if the complaint sufficiently alleges facts showing that (1) the employer's
2  supervision of the officers was so deficient that it constituted "deliberate indifference" to those
3  people the officers would come into contact with, (2) its training of the officers was similarly
4  deficient, or (3) the employer ratified, approved and/or encouraged the officers' unconstitutional
5  conduct.  See Sheehan v. City and County of San Francisco, 743 F.3d 1211, 1231-32 (9th Cir.
6  2014) (addressing training and ratification), petition for certiorari granted, 135 S. Ct. 702 (2014);
7  Starr v. Baca, 652 F.3d 1202, 1205 08 (9th Cir. 2011) (addressing supervision), cert. denied, 132
8  S. Ct. 2101 (2012).
9       The Suisun City defendants do not seek dismissal of plaintiff's §1983 claims alleging
10 unlawful arrest and use of excessive force in violation of plaintiff's Fourth Amendment rights by
11 individual officers (plaintiff's first and second causes of action).  Nor do they seek dismissal of
12 plaintiff's claims for supervisory and failure-to-train liability under § 1983, nor the state claims
13 for assault and battery, or for false imprisonment.  They do challenge the sufficiency of plaintiff's
14 other § 1983 claims.
15       A.    Equal Protection (Claim 3)
16       Plaintiff asserts a "class of one" Equal Protection claim against the Suisun City
17 defendants.  "[W]hen it appears that an individual is being singled out by the government, the
18 specter of arbitrary classification is fairly raised, and the Equal Protection Clause requires a
19 'rational basis for the difference in treatment.'"  Engquist v. Oregon Dept. of Agriculture, 553
20 U.S. 591, 602-03 (2008) (quoting Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)
21 (per curiam)).  Accordingly, although an equal protection claim may be brought by a "class of
22 one," the complaint must allege facts showing that plaintiff "has been intentionally treated
23 differently from others similarly situated and that there is no rational basis for the difference in
24 treatment."  SeaRiver Maritime Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002).
25 "An equal protection claim will not lie by conflating all persons not injured into a preferred class
26 receiving better treatment than the plaintiff."  Thornton v. City of St. Helens, 425 F.3d 1158,
27 1167 (9th Cir. 2005).
28       It is not enough that plaintiff was treated differently; he must also be treated *detrimentally*

6

1    in order to state a claim.  Towery v. Brewer, 672 F.3d 650, 661 (9th Cir.) ("[a]bsent any pattern of
2    generally exercising the discretion in a particular manner while treating one individual differently
3    *and* detrimentally, there is no basis for Equal Protection scrutiny under the class-of-one theory")
4    (emphasis in text), cert. denied, 132 S. Ct. 1656 (2012).  Finally, in determining whether there is a
5    rational basis, the court examines not whether there was a rational basis for the underlying
6    conduct, but whether there was a rational basis for making the distinction that plaintiff complains
7    about.  Gerhart v. Lake County,  637 F.3d 1013, 1023 (9th Cir.) ("[w]e have recognized that the
8    rational basis prong of a "class of one" claim turns on whether there is a rational basis for the
9    distinction, rather than the underlying government action"), cert. denied, 132 S. Ct. 249 (2011).
10           Accordingly, to state a "class of one" Equal Protection claim, the complaint must allege
11   facts showing that the government actors (1) intentionally (2) treated plaintiff differently than
12   other similarly situated persons, (3) without a rational basis.  Gerhart, 637 F.3d at 1022 (citing
13   Olech, 528 U.S. at 564, and North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th
14   Cir. 2008)).
15           Plaintiff alleges that defendants have singled him out for the following differential
16   treatment.  First, the police were instructed that whenever they encountered plaintiff, they were to
17   "turn on any and all recording equipment," even though "[n]o other person" in Suisun City was
18   subjected to this.  FAC ¶ 151.  Second, the City Council and the police ignore the plaintiff's
19   actionable complaints against others, while acting "immediately" on behalf of those who have
20   complaints against plaintiff, including defendant Bluford and non-defendants Pareja, Melissa and
21   Ryan Hoye and Kenton T. Wann.  Id., ¶ 152-54.  Plaintiff alleges that the City Council and police
22   had no rational basis for withholding their protection from him while granting it to these others.
23   Id., ¶ 155.
24           Defendants criticize plaintiff for incorporating facts by reference in his First Amended
25   Complaint, notwithstanding the court's admonishment against doing so.  ECF No. 27-1 at 7.
26   There is some merit in this, but defendants are reading the court's admonition too broadly.  The
27   court criticized the practice of incorporation of facts by reference where it "makes the substance
28   of his claims unclear," and of incorporating "each preceding paragraph, regardless of relevancy."

7

1   ECF No. 19 at 10 and 10 n.5.  In the Equal Protection claim, while plaintiff does state that he
2   "incorporates by reference the preceding allegations," he also sets out a short and plain statement
3   of the facts that are pertinent to the Equal Protection claim, thus avoiding confusion and fully
4   complying with Fed. R. Civ. P. 8.

5             1.       <u>Recording equipment.</u>

6         Plaintiff alleges that the Suisun City police are instructed to turn on their recording
7   equipment whenever they encounter plaintiff.  FAC ¶ 151.  Defendants argue that plaintiff has not
8   sufficiently alleged facts showing that other individuals were similarly situated, that they were
9   treated more favorably, or that there was no rational basis for the differential treatment.  ECF
10  No. 27-1 at 8.

11        Defendants are substantially correct, in that plaintiff has failed to allege facts showing that
12  there was no rational basis for this differential treatment.  Plaintiff's own allegations show that he
13  is a person who is constantly at odds with everyone around him, including his neighbors, the
14  police and the City itself.  He regularly files complaints against his neighbors, was accused by a
15  neighbor (although falsely, according to plaintiff), of having tried to run the neighbor over with
16  his car, has made a "citizen's arrest" of one of his neighbors and another person, alleges that the
17  police assaulted and battered him, alleges that the police regularly physically intimidate him, and
18  alleges that the police arrest him without cause.

19        In light of these allegations, there does not appear to be anything irrational in telling the
20  police officers to turn on their recording equipment when they encounter the plaintiff.  To the
21  contrary, such a precaution on its face is an entirely sensible way of establishing whether or not
22  the abusive conduct that plaintiff complains about is actually happening to him.  Indeed, plaintiff
23  recognizes the value of recording these interactions, and engages in the same practice himself.
24  Plaintiff alleges that he has a home security camera that makes video recordings of activities
25  within its view.  FAC ¶ 57.  He alleges that in one confrontation with the police, he called upon
26  nearby press to record the incident.  FAC ¶ 79.  Plaintiff made a video recording of his neighbor's
27  activities that were being conducted at the neighbor's own home.  FAC ¶ 85.  At a City Council
28  meeting where he had a confrontation with the police, his son recorded the incident with his video

1 camera. FAC ¶ 127.[1] Plaintiff made an audio recording of a confrontation he had with non-defendant Pareja. FAC ¶¶ 102-03. In addition, plaintiff does not identify other citizens who are similarly situated – by being so regularly at odds with others around them, and who make video recordings of their interactions – but whose interactions with the police are not recorded.

Finally, there is no allegation in the complaint showing that the police's behavior is detrimental to plaintiff. Plaintiff offers no explanation for why the police should not be able to record their public encounters with him, or how such recording is detrimental. At oral argument, plaintiff asserted that the fact that he is the only resident to be recorded "in public," is itself a detriment, as it makes him look like he alone is being accused of something. However, the allegations of the complaint do not indicate that anyone other than the police and plaintiff are aware of this recording. Plaintiff's assertion at argument that he is being, in effect, publicly shamed or stigmatized by the recording is not supported by any factual allegation in the complaint.

### 2. Police and City Council action.

Plaintiff alleges that the police and City Council have ignored his complaints about his neighbors, while taking immediate action when the neighbors complained about him. Complaint ¶¶ 152-54. Specifically, plaintiff alleges that the police refused to take action when he complained about his neighbors disturbing the peace (for example, turning their house into a "Disorderly House"), but arrested him when his neighbors accused him of disturbing the peace (the neighbors alleged that plaintiff had called them "Niggers").

Defendants argue that plaintiff has not shown that he is similarly situated to his neighbors, and therefore the "class of one" claim must fail. However, plaintiff has sufficiently alleged that he was similarly situated to his neighbors, for the purpose of receiving police protection, simply by alleging that they are neighbors and that they are similarly situated. It is not clear to the court what else plaintiff would need to allege to establish that he and his neighbors are similarly

---

[1] Plaintiff alleges that some of his other appearances at the City Council were video recorded, but he does not say who did the recording. FAC ¶ 87. He does not complain about those recordings.

9

situated, at least for purposes of receiving police protection. Defendants offered no clarification of this at oral argument.

The real difficulty for plaintiff here is that the Equal Protection claim is brought against the police department, or "the police." See Complaint ¶ 121 ("The SUISUN CITY POLICE would enforce acts against Plaintiff on the neighbor's behalf, but would not enforce Plaintiff's interests"). Because plaintiff is suing the police department itself, he must allege facts showing that he suffered constitutional injury because of the "implementation of . . . official policies or established customs" of the police department. See Clouthier, 591 F.3d at 1249. Plaintiff does allege facts from which the court could infer that the police department had a custom, practice or policy of ignoring his complaints against his neighbors. However, in order to state a "class of one" Equal Protection claim, plaintiff must allege facts showing that the police department had a custom, practice or policy of treating him *differently* than it treated his neighbors. The complaint alleges no specific facts regarding the history of police response to the comparable complaints of plaintiff's neighbors.

The only fact plaintiff alleges regarding differential police response is that he was once arrested for disturbing the peace, based upon a complaint filed by a neighbor. FAC ¶ 121. This single arrest, even assuming that it was based upon the same dispute with neighbor about which plaintiff had complained to (which is not alleged), may permit the court to infer that the police department engaged in uneven enforcement in that single instance.[2] However, it does not permit

---

[2] See Engquist:

> There are some forms of state action, however, which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments. In such cases the rule that people should be "treated alike, under like circumstances and conditions" is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted. In such situations, allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such state officials are entrusted to exercise.

553 U.S. at 603-04. This is not to say that the police may exercise their discretion to withdraw police protection from a citizen whom it has intentionally singled out for such treatment. (Continued…)

10

1  the court to infer that the police department had a policy of arresting plaintiff for disturbing the
2  peace while declining to arrest his neighbors even when they were guilty of the same offense.
3  See City of Oklahoma City v. Tuttle, 471 U.S. 808, 820-24 (1985) (single instance of
4  unconstitutional conduct does not, alone, permit the inference that it was the result of a custom or
5  policy).
6        As for the City Council, plaintiff has not shown that the City Council has treated him
7  differently from other city residents.  He alleges that the Council ignored his complaints, and
8  rushed him off the microphone at meetings, but fails to allege facts showing how the Council
9  acted differently regarding other, similarly situated residents.
10       Plaintiff identifies officer Wann as someone who ignored his complaints, and officer
11 White as the officer who arrested plaintiff.  However, there are no facts alleged to show that
12 either officer treated plaintiff differently than that officer treated plaintiff's neighbors.
13       As this court previously stated in this case, "'[i]n this circuit, a claim of municipal liability
14 under [§] 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing
15 more than a bare allegation that the individual officers' conduct conformed to official policy,
16 custom, or practice." ECF No. 19 at 7 (adopted, ECF No. 21).  However, the alleged custom or
17 policy must be "a plausible one." Id.  Here, while the allegation that the police intentionally
18 withheld their protection from plaintiff as a matter of policy is plainly inferable from the
19 allegations of the complaint, the court cannot draw the inference that it did offer such protection

---

21 However, such a "class of one" Equal Protection claim in the law enforcement area is difficult to make because of the discretion granted to the police.

23 As defendants correctly point out, most cases recognizing this type of claim involve citizens who are denied permits or zoning variances that are granted to others, or governments who make extraordinary demands on one citizen for a government service that is routinely granted to others. See, e.g., Olech 528 U.S. at 565 ("class of one" claim properly stated where complaint alleged that the government "intentionally demanded a 33-foot easement as a condition of connecting her [plaintiff's] property to the municipal water supply where the Village required only a 15-foot easement from other similarly situated property owners"); Gerhart, 637 F.3d at 1023-24 (denying summary judgment in a "class of one" Equal Protection claim where there was "a genuine issue of material fact as to whether the Commissioners had a rational basis for treating Gerhart differently from similarly situated property owners" in requiring him, and no one else, to apply for a permit and then in denying it).

1  to plaintiff's neighbors, thus singling plaintiff out as the only person left without police

2  protection, as a matter of custom or policy.

3        B.      First Amendment (Claim 4)

4  Plaintiff alleges that his First Amendment rights were violated because, although he

5  petitioned the City, the Council and the Police Department for redress, "[n]one was given." FAC

6  ¶ 157. Defendant moves to dismiss on the grounds that plaintiff was not granted leave to add this

7  claim when the court granted him leave to amend. ECF No. 27-1 at 10. Alternatively,

8  defendant's argument, in its entirety, is that "[b]oth the factual and legal basis for [plaintiff's]

9  claims is unclear." Id.

10  The court's previous Findings and Recommendations were silent as to whether the

11  recommended leave to amend plaintiff should encompass new claims. See ECF No. 19. Plaintiff

12  has added what could be a meritorious First Amendment claim. The court will not recommend

13  dismissing it on the ground that he, a pro se plaintiff, lacked express permission to add it.

14  As for the lack of clarity of the First Amendment claim, defendant has a point. The claim

15  that is contained within the four corners of the fourth claim appears to be frivolous, since it does

16  not allege any interference with plaintiff's right to petition the government. Rather, it alleges

17  only that he did not obtain the redress he petitioned for. The court knows of no First Amendment

18  right to obtain redress, and neither side's briefs shed any light on the matter.

19  However, plaintiff does state a First Amendment claim. Plaintiff alleges that he was

20  deprived of his right to petition the City Council by defendant Police Chief Dadisho and

21  defendant Police Commander Tim Mattos. Plaintiff alleges that when he showed up at Council

22  meetings, these two threatened plaintiff, gave him "menacing stares," and ordered him to leave

23  the meeting "on false pretenses." Complaint ¶¶ 126-27. He further alleges that at defendant

24  Dadisho's behest, the police "would pour into the meeting to intimidate Plaintiff in a show of

25  force." Id., ¶ 128. These allegations plainly show attempts by defendants to prevent plaintiff

26  from exercising his First Amendment right to petition the Council.

27  Defendant does not address these allegations, arguing instead that the claim is "unclear"

28  because plaintiff makes no reference to these facts in the four corners of the First Amendment

claim itself. Rather, these facts are contained in the general allegations of fact, which plaintiff then "incorporated by reference." The court did caution plaintiff about the practice of incorporation by reference, but in the context where there was no way to know which facts pertained to which claims. Here, the intimidation allegations plainly relate to the First Amendment claims. Accordingly, plaintiff's practice of incorporating allegations by reference does not lead to confusion in this instance.

### C. Conspiracy (Claim 5)

Plaintiff alleges that all the defendants, in violation of 42 U.S.C. § 1985, conspired to deprive him of his constitutional rights, including his First Amendment right to petition his government for the redress of grievances, and his rights to be free from "false arrest and excessive force." FAC ¶¶ 165-68. Defendant argues that plaintiff did not add any additional facts to the conspiracy claim that was dismissed in the last round. ECF No. 27-1 at 8-9.

"[T]o state make out a violation of § 1985(3), as construed in Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971), the plaintiff must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." United Broth. of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott, 463 U.S. 825, 828-29 (1983). A claim can be made under this statute for violation of a person's First Amendment rights, but only if it sufficiently alleges facts showing that the violation arose from racial or other class-based animus. Orin v. Barclay, 272 F.3d 1207, 1217 (9th Cir. 2001) (to prove conspiracy to violate his First Amendment rights, plaintiff "'must show some racial, or perhaps otherwise class-based, *invidiously discriminatory animus* behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all.'") (quoting Griffin v. Breckenridge, 403 U.S. at 102 (1971)) (emphasis added by Orin), cert. denied, 536 U.S. 958 (2002).

The conspiracy claim should be dismissed. Although plaintiff states a First Amendment

13

claim, he fails to allege facts showing the deprivation of his First Amendment rights derived from his being a "class of one" (as discussed above), and he makes no allegations of race or class-based animus. Because the court cannot conclude that amendment would be futile, leave to amend will be recommended.

### D.     Action for Neglect To Prevent (Claim 6)

Plaintiff alleges that the City Council, the City Manager, the Chief of Police, Police Commander Tim Mattos and Sergeant Andrew White knew about unconstitutional conduct by other defendants, but did nothing to stop it, in violation of 42 U.S.C. § 1986.[3] "Section 1986 provides a cause of action against parties who fail to prevent conspiracies to violate the civil rights of other people. Specifically, any person who knows of a conspiracy to violate civil rights (as defined by 42 U.S.C. § 1985), and who has the power to prevent the rights violation but refuses or neglects to do so, is liable to the person injured." Delta Savings Bank v. U.S., 265 F.3d 1017, 1024 (9th Cir. 2001). Since the court has found that the complaint does not sufficiently allege a Section 1985(3) conspiracy claim, it follows that plaintiff cannot state a claim for a § 1986 violation. See Sanchez v. City of Santa Ana, 936 F.2d 1027, 1040 (9th Cir. 1990) ("[a] violation of section 1986 thus depends on the existence of a valid claim under 1985"), cert. denied, 502 U.S. 957 (1991).

### E.     Separation of Powers (Claim 14)

Plaintiff alleges that the City Attorney represents both the City Council and members of the City's executive branch, and that closed session meetings are held at which the Council, members of the City's executive branch and the City Attorney are present. FAC ¶¶ 222-30. He alleges that this conduct violates "Rule 3-310 in the 2013 California Rules of Professional Conduct for Lawyers having to do with representing adverse interests." Id., ¶ 227. Plaintiff also alleges that this violates "Articles I, II and III" of the U.S. Constitution "as applies to the States

---

[3] Defendant again makes no substantive arguments to dismiss this claim, but argues, again, that the court did not give plaintiff permission to add any claims, and because the factual and legal basis for the claim is unclear.

1 under the 14th Amendment," as well as the Ninth Amendment to the U.S. Constitution. Id.,
2 ¶ 229.
3    Defendants argue that they are "at a loss as to what [plaintiff] is referring to," and that
4 there is no cognizable claim here. ECF No. 27-1 at 9.[4] The court previously dismissed the
5 substantively identical version of this claim – which plaintiff had based on the California
6 Constitution – on the first dismissal motion. Plaintiff now bases the claim on the U.S.
7 Constitution and the California Rules of Professional Conduct.
8    There does appear to be a private right of action for violation of the Separation of Powers.
9 See Free Enterprise Fund v. Public Co. Accounting Oversight Bd., 561 U.S. 477, 492 (2010)
10 ("[w]e hold that the dual for-cause limitations on the removal of Board members contravene the
11 Constitution's separation of powers"); see also, id., at 491 n.2 (rejecting the government's
12 assertion that the Court had never "recognized an implied private right of action directly under the
13 Constitution to challenge governmental action under the Appointments Clause or separation-of-
14 powers principles").
15    However, the Separation of Powers doctrine of the U.S. Constitution does not bind the
16 States or local governments, notwithstanding plaintiff's assertion that it was made binding on the
17 States by the 14th Amendment. To the contrary:

> A local statute investing a collection of persons not of the judicial department, with powers that are judicial, and authorizing them to exercise the pardoning power which alone belongs to the governor of the state, presents no question under the Constitution of the United States. The right to the due process of law prescribed by the 14th Amendment would not be infringed by a local statute of that character. Whether the legislative, executive, and judicial powers of a state shall be kept altogether distinct and separate, or whether persons or collections of persons belonging to one department may, in respect to some matters, exert powers which, strictly speaking, pertain to another department of government, is for the determination of the state.

Dreyer v. People of State of Illinois, 187 U.S. 71, 83-84 (1902); Stop the Beach Renourishment,

---

[4] Defendants also renew their argument that plaintiff was not granted leave to add this claim when he was granted leave to amend. ECF No. 27-1 at 10.

Inc. v. Florida Dept. of Environmental Protection, 560 U.S. 702, 719-20 (2010) ("[t]his Court has held that the separation-of-powers principles that the Constitution imposes upon the Federal Government do not apply against the States") (citing Dreyer).[5]  Dreyer forecloses plaintiff's separation of powers claim.

### F. New Claims

At the end of argument on this motion, defendants asked that if plaintiff is granted leave to amend, he be precluded from adding new claims without using the procedure set forth at Fed. R. Civ. P. 15(a)(2).  In construing the complaint, the court has granted plaintiff leeway because of his status as a pro se litigant.  However, defendants are entitled to know at some point what the charges against them are, so that they can get on with the business of defending themselves.  Accordingly, while the undersigned will recommend, for the second time, that plaintiff be granted leave to amend some of his claims, he should be precluded from adding new claims to the lawsuit without first seeking leave of court pursuant to Rule 15(a)(2).

## VI. RECOMMENDATION

For the reasons stated above, IT IS HEREBY RECOMMENDED THAT the motion to dismiss be granted in part and denied in part as follows:

1. GRANTED as to the Equal Protection claim (Claim 3).  Claim 3 should be dismissed with leave to amend, for the limited purpose of permitting plaintiff to allege facts showing that he was singled out for detrimental treatment by the police and the City Council, that this treatment was not applied to other similarly situated persons, and that there was no rational

---

[5] As part of his Separation of Powers claim, plaintiff alleges that "[t]he act of the City Attorney representing two different powers of Government is a violation of Rule 3-310" of the California Rules of Professional Conduct.  Complaint ¶ 227.  To the degree plaintiff intended to make this a separate claim, it should be dismissed.  Plaintiff has not alleged facts showing that he has standing to make a claim under the rule, inasmuch as the rule addresses the duty an attorney owes to his *client*.  See American Airlines, Inc. v. Sheppard, Mullin, Richter & Hampton, 96 Cal. App. 4th 1017, 1032 (2nd Dist. 2002) ("It is well established that an attorney's duties to his client are governed by the Rules of Professional Conduct, and that those rules, together with statutes and general principles relating to other fiduciary relationships, help define the duty component of the fiduciary duty which an attorney owes to his client.").  Nor has plaintiff alleged facts showing that the rule was violated, even if he had standing.  Plaintiff has instead, alleged only his belief that the local legislature and local executive branch members are adverse to each other.

basis for the differential treatment.

      2.      DENIED as to the First Amendment claim (Claim 4).

      3.      GRANTED as to the conspiracy claim (Claim 5), which should be dismissed with leave to amend.

      4.      GRANTED as to the failure to prevent conspiracy claim (Claim 6), which should be dismissed with leave to amend.

      5.      GRANTED as to the Separation of Powers claim (Claim 14), which should be dismissed with prejudice.

      6.      Leave to amend should be limited to the claims specified, and plaintiff directed that amendment to add <u>new</u> claims to the complaint shall require leave of court pursuant to Rule 15(a)(2).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 17, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE