UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GIDDENS, | No. 2:14-cv-0943 AC (PS) |
| Plaintiff, | |
| v. | ORDER |
| SUISUN CITY, et al., | |
| Defendants. | |

Non-parties Glen Faison, Foy McNaughton and Daily Republic, Inc. ("movants"), move, pursuant to Fed. R. Civ. P. 45, to quash plaintiff's subpoena that was issued on December 22, 2014 and served on the movants on December 26, 2014. See ECF No. 29. Movants assert that the subpoena is facially defective because it fails to specify a place, date or time for compliance. ECF No. 29 at 2.

A motion to quash the subpoena is a "discovery" motion pursuant to E.D. Cal. R. ("Local R.") 251 (covering motions under Rules 26 through 37 and 45). Accordingly, movants, who are represented by counsel, were required to meet and confer with plaintiff, and to submit a Joint Statement if the matter could not be resolved. Local R. 251(b) & (c). If the meet and confer or Joint Statement requirements could not be met, movants were required to file and serve an affidavit so stating. Local R. 251(e). Movants have not complied with these requirements.

The court notes, however, that movants did serve their motion on plaintiff, and that

1

1  plaintiff has submitted no opposition or other response to the motion.  The court also notes that
2  the subpoena – which plaintiff filed with the court, see ECF No. 25,[1] and which movants attached
3  to their motion – is, in fact, facially defective by failing to specify a "time and place" for
4  compliance.  See Fed. R. Civ. P. 45(a)(1)(A)(iii).

5       Considering all the circumstances, the court concludes that it would be a futile gesture to
6  require movants to re-notice their motion, when the result is already compelled by the record.
7  The court will therefore excuse movants' failure to comply with the local rules in this one
8  instance, and will grant the motion.  Plaintiff and movants are cautioned however, that failure to
9  comply with the Local Rules "may be grounds for imposition by the Court of any and all
10 sanctions authorized by the statute or Rule or within the inherent power of the Court."  Local
11 R. 110.

12      Accordingly, IT IS HEREBY ORDERED THAT:

13      1.    Non-parties' motion to quash (ECF No. 29), is GRANTED.  The above-referenced
14 subpoena is QUASHED, and moving non-parties have no obligation to comply or further respond
15 to it; and

16      2.    The February 25, 2015 hearing on the motion is VACATED.

17 DATED: February 20, 2015

18                                      /s/ Allison Claire
19                                  ALLISON CLAIRE
                                 UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff filed the subpoena in violation of the court's Local Rules.  See E.D. Cal. R. 250.5(d).