UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GIDDENS, | No. 2:14-cv-0943 TLN AC (PS) |
| Plaintiff, | |
| v. | ORDER |
| SUISUN CITY, et al., | |
| Defendants. | |

On April 24, 2015, the court granted plaintiff leave to amend his complaint. ECF No. 37. Plaintiff was informed that leave to amend was "limited to the claims specified" in the order, but that "amendment to add new claims to the Complaint shall require leave of court pursuant to Fed. R. Civ. P. 15(a)(2)." ECF No. 37.

Plaintiff has now moved for leave to file an amended complaint. ECF No. 38. He has also filed a Second Amended Complaint, which is presumably the object of the motion to amend. See ECF No. 39. The Second Amended Complaint amends the claims plaintiff was granted leave to amend, namely Equal Protection (No. 3), civil rights conspiracy (No. 5), and failure to prevent conspiracy (No. 6).[1] It further deletes the claim that was dismissed with prejudice, namely,

---

[1] This last claim was originally dismissed because it relied upon a conspiracy claim that was dismissed with leave to amend. Now that the conspiracy claim has been amended, plaintiff has re-asserted the failure to prevent conspiracy claim. The court at this point expresses no view on (continued…)

1

separation of powers (No. 14 in the First Amended Complaint).  The amended complaint also adds three new claims (Nos. 13-15), thus triggering plaintiff's obligation to seek leave to amend.  Finally, the amended complaint deletes the Section 1983 failure-to-train claim (No. 8 in the First Amended Complaint).

      Accordingly, IT IS HEREBY ORDERED THAT:

      1.  No later than 30 days from the date of this order, defendant shall file and serve an opposition, or a statement of non-opposition, to plaintiff's motion to amend, treating the Second Amended Complaint (ECF No. 39) as the proposed amended complaint;

      2.  Plaintiff shall file and serve his reply, if any, no later than 14 days from the date the opposition is filed.  At that point, the matter will be taken under submission or scheduled for a hearing.[2]

DATED: June 6, 2015

                           /s/ Allison Claire
                           ALLISON CLAIRE
                           UNITED STATES MAGISTRATE JUDGE

---

the merits of this re-asserted claim, but notes that it was proper simply to re-assert it rather than to amend it.

[2] Because of plaintiff's pro se status and the apparent lack of prejudice, the court will waive plaintiff's failure to comply with the local rules requiring him to notice the motion for a hearing, to include the proposed amended complaint as an exhibit to the motion to amend (rather than as a separate filing), and to submit a proposed order with the motion.  See E.D. Cal. R. ("Local Rule") 137(c) & 230(b).  Going forward, plaintiff is expected to comply with the Federal Rules of Civil Procedure and the court's Local Rules.