UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GIDDENS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SUISUN CITY, et al.,<br><br>　　　　Defendants. | No.  2:14-cv-0943 AC TLN (PS)<br><br><br>AMENDED<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

On January 29, 2016, the undersigned filed an Order and Findings and Recommendations in this matter.  ECF No. 44.  Defendants have requested clarification on whether the recommendations erroneously included Mayor Pedro Sanchez in Claim 15 (Unruh Act).  ECF No. 45 (citing ECF No. 44 ¶ IV(2)(i)).  Defendants are correct, in that Mayor Sanchez should not have been included in Claim 15.  Instead, he should have been included in Claim 7 (Section 1983 supervisory claim).

Accordingly, ECF No. 44 is hereby VACATED, and this Amended Order and Findings and Recommendations replaces it.  The parties shall have 21 days from the date of these amended recommendations to file their objections.

----------

On April 24, 2015, the court dismissed the following of plaintiff's claims in his First Amended Complaint, with leave to amend: Equal Protection (Claim 3); conspiracy (Claim 5); and

1

"action for neglect to prevent" conspiracy (Claim 6). ECF No. 37 at 2.[1] The order granted plaintiff leave to amend those claims, but stated that "amendment to add new claims to the Complaint shall require leave of court pursuant to Fed. R. Civ. P. 15(a)(2)." ECF No. 37.

## I.  BACKGROUND

Plaintiff has now moved for leave to file an amended complaint (ECF No. 38), and has filed his proposed Second Amended Complaint (ECF No. 39).[2] The proposed Second Amended Complaint adds the following claims: "Intentional Infliction of Emotional Distress" against defendants Bluford, Mattos and Urlaub (Claim 13); "Negligent Infliction of Emotional Distress" against defendants Bluford, Mattos and Urlaub (Claim 14); and an "Unruh Civil Rights Act" claim against all defendants (Claim 15).  In addition, plaintiff's proposed Second Amended Complaint adds the following new defendants: Mayor Pedro Sanchez is added to the Section 1983 supervisory liability claim (Claim 7); and Suisun City Attorney Anthony Taylor and City Council Members Jane Day, Michael Hudson, Mike Segala, Lori Wilson and Sanchez are added (with all other existing defendants) to the Unruh Civil Rights Act ("Unruh Act") Claim (Claim 15).  Plaintiff has also made minor changes to the rest of the complaint, including changes to his Equal Protection, conspiracy and "action for neglect to prevent" conspiracy claims.

The City defendants (that is, all defendants other than Bluford), opposed plaintiff's motion to amend.  ECF No. 41.  Defendants argue that plaintiff's new Unruh Act claim should not be permitted, the new defendants should not be added, and that plaintiff fails to state claims for Equal Protection, conspiracy and neglect to prevent.

In reply, plaintiff corrects the typographical error in his Unruh Act claims, clarifying that it asserts a claim under Cal. Civil Code § 51.7 (not Section 57), asserts that his Unruh Act claim is based upon his political affiliation, and argues that defendants' remaining arguments are best left to a motion to dismiss or for summary judgment.  ECF No. 43.

---

[1] Plaintiff's Separation of Powers claim was dismissed with prejudice.

[2] Plaintiff separately filed his proposed Second Amended Complaint, rather than attaching it to his Motion To Amend, as required by E.D. Cal. R. 137(c).  Because plaintiff is proceeding pro se, and no confusion has resulted, the court deems plaintiff to be in substantial compliance with the Local Rules.

1   For the reasons set forth below, the undersigned will recommend that the motion be
2   granted in part and denied in part.[3]

3                                    II. STANDARDS

4   Under Fed. R. Civ. P. 15(a), "'leave to amend shall be freely given when justice so
5   requires; this mandate is to be heeded.'"  Sharkey v. O'Neal, 778 F.3d 767, 774 (9th Cir. 2015)
6   (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

> In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. the leave sought should, as the rules require, be "freely given."

Foman, 371 U.S. at 182.  Indeed, "[a]bsent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

                                   III. ANALYSIS

   A.  New Claims

       1.  Unruh Act

Plaintiff asserts a new claim under California's Unruh Civil Rights Act, Cal. Civil Code §§ 51.7, 52.1.  Because of the possibility that the court may ultimately decline to consider the state claims, the undersigned is reluctant to opine on the intricacies of state civil rights law at this stage.  See 28 U.S.C. § 1367(c)(1) (court may decline jurisdiction over state claims raising "novel or complex issue of State law"), (c)(3) (court may decline jurisdiction over state claims if all federal claims are dismissed).  Accordingly the undersigned will avoid in-depth analysis of these state claims, and instead recommend that the motion to add them be granted so long as their addition is not plainly futile.

---

[3]  As part of his Reply in support of his Motion To Amend, plaintiff filed a Third Amended Complaint (ECF No. 42).  It appears that plaintiff's intention was to attach it to his Reply, rather than to file it separately.  Since only the proposed Second Amended Complaint (ECF No. 39) is at issue, no leave has been granted to file any other amended complaints, and the court wishes to avoid confusion, the Clerk will be ordered to strike the Third Amended Complaint from the docket.

3

a. Section 51.7

The Unruh Civil Rights Act provides:

> All persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of *political affiliation*, or on account of any characteristic listed or defined in subdivision (b) or (e) of Section 51 . . .. The identification in this subdivision of particular bases of discrimination is illustrative rather than restrictive.

Cal. Civil Code § 51.7(a) (emphasis added).  Defendants argue that this portion of the claim should not be allowed because plaintiff does not allege that any action was taken against him because of any of the characteristics listed in Sections 51 or 51.7.  Plaintiff responds that if given a chance to amend his complaint again, he would "plead that the animus was based on political affiliation."  ECF No. 43 at 4 ¶ C(1).

It is not clear that permitting the new claim would be futile.  The court can construe the proposed complaint consistently with plaintiff's proffer, namely, that his Unruh Act claim is based upon his political affiliation.

b. Section 52.1

The Unruh Act permits a person to sue to enforce his civil rights if they have been violated by actual or threatened intimidation or coercion.  Cal. Civil Code § 52.1(a), (b).  Defendants argue that this claim should not be allowed because there is no threat of violence or coercion alleged to have been committed by the defendants, with the possible exception of defendants Mattos and Urlaub.

Defendants' assertion is incorrect.  The complaint does contain allegations that plaintiffs' rights were violated through intimidation and threats by the defendants, directly or indirectly.  See, e.g., proposed Second Amend Complaint (ECF No. 39) ¶¶ 41-46 (unnecessary force by Mattos, Urlaub, Dadisho and White, as participants or observers), 124-28 (intimidation by Dadisho and "entire Police Force" at City Council meetings, and harassment by Council Members Hudson and Day).  These allegations are not facially inadequate.  Whether the alleged intimidation and threats are truly sufficient to state a claim against the defendants is best left to a motion to dismiss or other dispositive motion.

4

However, there is no allegation that defendants Bragdon, Sanchez, Segala, Wilson or Taylor engaged in any such conduct, nor any conduct in violation of Section 51.7. Therefore, the motion to amend, to the degree it seeks to assert this claim against these five defendants, should be denied.

### 2. Intentional and Negligent Infliction of Emotional Distress

Plaintiff asserts new state-law claims for intentional infliction of emotional distress (Claim 13) and negligent infliction of emotional distress (Claim 14). Defendants have not opposed the motion to add these claims, and no reason to deny the motion is apparent from the face of the proposed complaint.

### B. Amendment of Existing Claims

The court granted plaintiff leave to amend his claims for Equal Protection, conspiracy and "action for neglect to prevent" conspiracy. Plaintiff has made some cosmetic changes in the proposed complaint, and he has expanded the allegations in his conspiracy claim. However, as discussed below, the proposed Second Amended Complaint fails to address the deficiencies pointed out in the court's order dismissing these three claims. Accordingly, the motion to amend these claims should be denied.[4]

### 1. Equal Protection Claim

Defendants argue that plaintiff should not be permitted to amend his claims for Equal Protection because the proposed complaint does not cure the deficiencies noted in the court's previous order. Defendants are correct. The proposed Second Amended Complaint is nearly identical to the First Amended Complaint regarding the allegations related to plaintiff's Equal Protection claim, and none of plaintiff's cosmetic changes cure the deficiencies noted in the court's order.

Although plaintiff vaguely alleges that others enjoyed the protection of the police and the

---

[4] Since plaintiff was granted leave to amend these claims, he could have simply filed his Second Amended Complaint with only those amendments, without the need for a motion for leave to amend. That would have left any challenges to the new complaint for subsequent dispositive motions. However, since plaintiff chose to add new claims, and to add new defendants, a motion for leave was required, and it is more efficient to address all the new or amended claims at once.

City, whereas he did not, he alleges no *facts* that would allow this court to view him as being treated as a "class of one" for purposes of his Equal Protection Claim.

As before, the only facts plaintiff alleges to show *differential* treatment are his two arrests. Reading the proposed complaint in the light most favorably to him, plaintiff alleges that he was arrested, even though his neighbors were not arrested. However, plaintiff's first arrest was for allegedly trying to run his neighbor down with his car. This does not make plaintiff similarly situated to his neighbors, who escaped arrest despite their loud parties, rude behavior, and running a car repair business in a residential neighborhood.

Plaintiff's second arrest was for disturbing the peace, conduct in which his neighbors also engaged, according to the complaint. This sole arrest is not sufficient to show that the defendants named in this claim – the City and the Police Department – had a custom, practice or policy of arresting him in circumstances where his neighbors would not be arrested. See Clouthier v. County of Contra Costa, 591 F.3d 1232, 1249 (9th Cir. 2010). As the court's order stated:

> This single arrest . . . may permit the court to infer that the police department engaged in uneven enforcement in that single instance. However, it does not permit the court to infer that the police department had a *policy* of arresting plaintiff for disturbing the peace while declining to arrest his neighbors even when they were guilty of the same offense. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 820-24 (1985) (single instance of unconstitutional conduct does not, alone, permit the inference that it was the result of a custom or policy).

ECF No. 35 at 10-11 (emphasis added). As for the individual officers named in this claim – Dadisho and Mattos – there are no facts alleged that show that these officers had anything to do with this arrest.

The proposed Second Amended Complaint also fails to allege facts showing that plaintiff's neighbors received treatment different from the treatment plaintiff received. The proposed complaint again paints a picture of a city and a police force that is unresponsive to plaintiff's complaints about his neighbors. However, it fails to allege facts showing that his neighbors received any better treatment than he did. Plaintiff's statements that defendants acted "immediately on behalf of" his neighbors is too vague to enable defendants to answer his allegations. Plaintiff sets forth numerous specific instances where his complaints about his

6

1 neighbors were ignored, but fails to set forth any instance where his neighbors' complaints were
2 swiftly addressed, other than the two arrests discussed above.

3                    2. Conspiracy and "neglect to prevent," 42 U.S.C. §§ 1985(3), 1986

4       Plaintiff has greatly expanded his civil rights conspiracy claim. He has segregated out
5 different events where he says this conspiracy occurred, added details about which of his rights
6 defendants conspired to violate, and has added the legal conclusion that defendants deprived him
7 of his right to "equal protection."

8       However, the additions do not address the deficiencies identified in his First Amended
9 Complaint. It is not enough under 42 U.S.C. § 1985(3) to allege that defendants conspired to
10 deprive plaintiff of his constitutional rights. As the undersigned previously stated:

> A claim can be made under this statute . . . only if it sufficiently alleges facts showing that the violation arose from racial or other class-based animus. Orin v. Barclay, 272 F.3d 1207, 1217 (9th Cir. 2001) (to prove conspiracy to violate his First Amendment rights, plaintiff "'must show some racial, or perhaps otherwise class-based, *invidiously discriminatory animus* behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all.'") (quoting Griffin v. Breckenridge, 403 U.S. at 102 (1971)) (emphasis added by Orin), cert. denied, 536 U.S. 958 (2002).

17 ECF No. 35 at 13. Plaintiff has failed to allege facts showing that he has suffered *discriminatory*
18 deprivation of his constitutional rights either as a "class of one," or on the basis of some other
19 class-based animus. Plaintiff does not allege any class-based animus, and as discussed above, he
20 has not alleged facts showing that he is a "class of one."

21       To the contrary, the allegations of the complaint portray the City, the City Council and the
22 police as having grown weary of plaintiff's constant complaining to them about his neighbors, his
23 "citizen arrests," his videotaping of them, his complaining at City Council meetings, and his
24 going above their heads to complain to outside agencies. There is no inference to be drawn from
25 the proposed complaint that any alleged violation of plaintiff's constitutional rights resulted from
26 invidious class-based discrimination, rather than defendants' simply being fed up with plaintiff's
27 constant complaining. While it may not be correct municipal conduct to be unresponsive, even
28 hostile, to those citizens who complain the most, such conduct does not, standing alone, constitute

1  invidious, class-based discrimination.

2  The claim for Neglect To Prevent, 42 U.S.C. § 1986 cannot stand without a valid claim
3  under Section 1985(3).  See Sanchez v. City of Santa Ana, 936 F.2d 1027, 1040 (9th Cir. 1990)
4  ("[a] violation of section 1986 thus depends on the existence of a valid claim under 1985"), cert.
5  denied, 502 U.S. 957 (1991).

6     C.  New Defendants

7  Plaintiff has added Sanchez, Hudson, Day, Bragdon, Segala, Wilson and Taylor as
8  defendants in the proposed Second Amended Complaint.  Reading the proposed Second
9  Amended Complaint in the light most favorable to plaintiff, Sanchez is alleged to be one of the
10 persons who adopted the city policies that allegedly injured plaintiff.  See ECF No. 39 ¶ 192
11 (Claim 7).  However, defendants Bragdon, Segala, Wilson and Taylor are not alleged to have
12 engaged in any conduct at all.  The motion to amend should be denied to the degree it seeks to
13 add these last four proposed defendants.

14                             IV.  CONCLUSION

15 For the reasons stated above, IT IS HEREBY ORDERED that the Clerk of the Court shall
16 strike the Third Amended Complaint (ECF No. 42), from the docket.

17 Further, IT IS HEREBY RECOMMENDED as follows:

18 1.  Plaintiff's Motion To Amend (ECF No. 38), should be GRANTED in part and
19 DENIED in part, and the proposed Second Amended Complaint (ECF No. 39), should be
20 DEEMED to be the operative complaint, as follows:

21     a.  There being no allegations against proposed defendants Bragdon, Segala,
22 Wilson and Taylor, the motion to amend should be DENIED to the degree it seeks to add them as
23 defendants on any claim.

24     b.  The motion to add Claims 13 and 14 (intentional and negligent infliction of
25 emotional distress), should be GRANTED.

26     c.  The motion to add Claim 15 (Unruh Act), should be GRANTED as to all
27 current and proposed defendants other than Bragdon, Segala, Wilson, Taylor and Sanchez, and
28 this claim should be CONSTRUED to be based upon plaintiff's political affiliation.

      d. The motion to amend the Equal Protection, conspiracy and neglect to prevent conspiracy claims should be DENIED, and those claims (Claims 3, 5 and 6), should be deemed dismissed in accordance with the court's order (ECF No. 37).

    2. Except as stated above, the motion to amend and to add defendants (other than Bragdon, Segala, Wilson and Taylor), should be GRANTED, and the action should proceed on the following claims of the Second Amended Complaint:

      a. Claim 1, against Dadisho, Mattos, White and Urlaub.

      b. Claim 2, against Mattos and Urlaub.

      c. Claim 4, against the City, Dadisho and Urlaub.

      d. Claim 7, against the City, City Council, Police Department, Sanchez, Dadisho, Mattos and White.

      e. Claim 8, against Bluford.

      f. Claims 9 and 10, against Mattos and Urlaub.

      g. Claims 11 and 12, against Bluford.

      h. Claims 13 and 14, against Bluford, Mattos and Urlaub.

      i. Claim 15, against the City, City Council, Police Department, Dadisho, Mattos, White, Day, Hudson and Bluford.

    3. Plaintiff should be ordered to serve the Second Amended Complaint ("Complaint") on defendants Sanchez, Day and Hudson.

    4. If these Findings and Recommendations are adopted, all remaining defendants should be ordered to file a responsive pleading to the Second Amended Complaint no later than 30 days after adoption, except that new defendants Sanchez, Day and Hudson should be ordered to file a responsive pleading within the time provided by the Federal Rules of Civil Procedure.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within

twenty-one days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 4, 2016

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE