UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GIDDENS, | No. 2:14-cv-0943 AC TLN (PS) |
| Plaintiff, | |
| v. | ORDER |
| SUISUN CITY, et al., | |
| Defendants. | |

Plaintiff is proceeding in this case pro se. Pending before the undersigned is plaintiff's motion to quash subpoenas duces tecum served upon medical facilities seeking production of plaintiff's medical records. ECF No. 70. The matter was accordingly referred to the undersigned by E.D. Cal. R. ("Local Rule") 302(c)(1), (21).

I.   DISCOVERY REQUESTED

As relevant to this motion, plaintiff alleges that defendants assaulted and battered him, causing him physical injury. Defendants City of Suisun and Suisun City Police Department have subpoenaed plaintiff's medical records from:

- David Grant Medical Center at Travis Air Force Base (ECF No. 70 at 11 & 15);
- Robert W. Ehlers, DC of Oakland, CA (ECF No. 70 at 19);
- Martinez VA Outpatient Clinic of Martinez, CA (ECF No. 70 at 23); and
- Thomas Gonda, M.D., MFT of Oakland, CA (ECF No. 70 at 27).

////

Plaintiff moves to quash the subpoenas on the grounds of procedural defects, privilege, relevance and overbreadth.  See ECF No. 70.  Defendants argue that the documents should be produced subject to a protective order.  See ECF No. 74.  The parties met and conferred but were unable to resolve the matter.  See Richard Giddens Declaration (ECF No. 70 at 30-31) ¶¶ 9-12.

## II.   ANALYSIS

In his late-filed Reply (ECF No. 75), and at oral argument on the motion, plaintiff conceded that the documents may be produced subject to a protective order.[1]  The concession is well taken, as the documents are plainly relevant.  See Fed. R. Civ. P. 26(b)(1) (parties may obtain discovery of "relevant" materials).  Moreover, any privilege attaching to the medical records is arguably waived by plaintiff's placing his medical condition at issue.[2]  Even if no waiver has occurred, the privilege can be protected by an appropriate protective order.

The only remaining issue is proportionality.[3]  See Rule 26(b)(1) (discovery must be "proportional to the needs of the case").  Plaintiff argues that defendants should be limited to records not more than seven (7) years old.  See ECF No. 75 at 7 ¶ 2(e) (plaintiff's proposed Protective Order).  At oral argument, defendants indicated that they were withdrawing their open-ended request for medical records, and instead were requesting records going back only as far as 10 years.

No party has provided the court with relevant authority as to the appropriate time limit to apply to the subpoenas.  However, the court agrees that "Plaintiff's older medical records may contain evidence that Plaintiff suffered an injury … years ago that may limit the damages recoverable in his lawsuit."  Fenstermacher v. Moreno, 2010 WL 5071042 at *4 (E.D. Cal. Dec.

---

[1]  Defendants have not objected to the late-filing, plaintiff explained the late-filing at oral argument, and no prejudice is apparent.  Accordingly, the court has considered the Reply.

[2]  See, e.g., Flournoy v. Maness, 2015 WL 6523472 at *2 (E.D. Cal. Oct. 27, 2015) (Brennan, M.J.) ("[a] party may waive his right to privacy in his medical records by placing them at issue in a case"); Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir. 2000) ("by placing her medical condition at issue, Schoffstall waived the psychotherapist-patient privilege"); Doe v. Oberweis Dairy, 456 F.3d 704, 718 (7th Cir. 2006) ("[i]f a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state") (relying on Schoffstall), cert. denied, 549 U.S. 1278 (2007).

[3]  All procedural objections to the subpoenas are overruled, as the subpoenas fully comply with Fed. R. Civ. P. 45.

7, 2010) (Oberto, M.J.) (declining to limit the production of medical reports to any particular period). Accordingly, the court will adopt the longer, 10 year period proposed by defendants as the limit on the medical records that may be produced.[4]

### III.   CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion To Quash (ECF No. 70) is DENIED;
2. The parties have seven (7) days from the date of this order to submit a stipulated Protective Order that complies with our Local Rules, including the rules regarding sealing of documents, to protect the medical records sought.
3. If the parties cannot agree on a stipulated protective order, they shall submit separate proposed protective orders no later than seven (7) days from the date of this order.

DATED: March 16, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[4] Defendants have asked the court to compel plaintiff to sign a medical release form for the Veterans Administration ("VA"). ECF No. 74 at 6, 21 (Exh. B) (apparently relating to HIPAA, the Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191). Plaintiff has agreed to cooperate in getting these documents from the VA, so this request need not be further considered. However, if the VA refuses to produce the records, the parties can return to court. In that case, the parties should consider using the Informal "Telephonic Conferences re Discovery Disputes," available on the undersigned's Web page, rather than filing another full-fledged discovery motion.