UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GIDDENS, | No. 2:14-cv-00943-TLN-AC |
| Plaintiffs, | |
| v. | ORDER |
| CITY OF SUISUN, et al., | |
| Defendants. | |

This matter is before the court on plaintiff's motion for default judgment against defendant Brandon Bluford in this multi-defendant case. ECF No. 98. Plaintiff is proceeding in this matter pro se, and accordingly this motion was referred pursuant to Local Rule 302(c)(21). For the following reasons, plaintiff's motion for default judgment is DENIED without prejudice.

**I. RELEVANT FACTUAL AND PROCEDURAL HISTORY**

Plaintiff filed his complaint on April 17, 2014, alleging multiple causes of action against several defendants. ECF No. 1. Plaintiff's second amended complaint ("SAC") was adopted by this court as the operative complaint. ECF No. 44. The SAC alleges ongoing hostility by defendants against plaintiff, an illegal arrest, assault and battery, false prosecution, and both intentional and negligent infliction of emotional distress. ECF No. 39 at 2.48.

In relevant part, plaintiff asserts that defendant Bluford has filed numerous wrongful complaints against plaintiff with the police department. ECF No. 39 at 5. Plaintiff alleges that on April 18, 2012, plaintiff was pulling out of his driveway while Bluford and other neighbors were

1

in the street playing basketball.  Id.  Plaintiff alleges he left the neighborhood without incident and went directly to the Suisun Crime Conference.  Id. at 6.  According to plaintiff, 15 minutes later, Bluford called the police department and falsely reported that plaintiff attempted to hit Bluford with his car.  Id.

Plaintiff participated in the Conference, and when it was adjourned he spoke to a media personality from a local televisions station.  Id.  Plaintiff alleges that, during this time, he was confronted by police officer defendants Tim Mattos and Michael Urlaub.  Id. at 6.  Plaintiff alleges Mattos and Urlaub subsequently assaulted him and wrongfully arrested him.  Id. at 7.  Plaintiff filed suit against multiple defendants, including Bluford.  ECF No. 1.

## II. THE MOTION

Plaintiff moves for default judgment against defendant Bluford.  ECF No. 98.  A summons was served on Bluford on December 26, 2014.  ECF No. 51. Bluford has not appeared in this action.  The clerk entered default against Mr. Bluford on July 11, 2017.  ECF No. 94.

## III. ANALYSIS

Default judgment against Bluford is not appropriate at this juncture in this multi-defendant case. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  After default is entered, unless the plaintiff's claim is for a sum certain, the plaintiff must apply to the court for entry of default judgment. Fed. R. Civ. P. 55(b)(2). In an action with multiple defendants, entry of default judgment must comply with Fed. R. Civ. P. 54, which states:

> When an action presents more than one claim for relief -- whether as a claim, counterclaim, crossclaim, or third-party claim -- or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or *parties only if the court expressly determines that there is no just reason for delay*. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

(emphasis added).

2

"The leading case on the subject of default judgments in actions involving multiple defendants is Frow v. De La Vega, 15 Wall. 552, 82 U.S. 552, 21 L.Ed. 60 (1872). The Court held in Frow that, where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." In re First T.D. & Inv., Inc., 253 F.3d 520, 532 (9th Cir. 2001). The Ninth Circuit has "extended the rule beyond jointly liable co-defendants to those that are similarly situated, such that the case against each rests on the same legal theory; it would be incongruous and unfair to allow a plaintiff to prevail against defaulting defendants on a legal theory rejected by a court with regard to an answering defendant in the same action." Garamendi v. Henin, 683 F.3d 1069, 1082–83 (9th Cir. 2012) (internal citations omitted).

The court finds that in this case, where the claims against defendant Bluford are factually intertwined in with the claims against the remaining defendants, it would be inappropriate to enter default judgment before the claims against the remaining defendants have been adjudicated. Defendant Bluford and the remaining defendants are similarly situated. The denial of entry of default judgment is, however, without prejudice. Plaintiff may move again when the claims against the remaining defendants have been adjudicated.

### IV. CONCLUSION

For the foregoing reasons, plaintiff's motion for default judgment against defendant Bluford, ECF No. 98, is DENIED without prejudice. Plaintiff may again move for default judgment when all other claims against other defendants have been fully adjudicated.

IT IS SO ORDERED.

DATED: September 18, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE