UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GIDDENS,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>TIM MATTOS, et al.,<br><br>　　　　　　　Defendants. | No. 2:14-cv-00943-TLN-AC<br><br>**FINAL PRETRIAL ORDER**<br><br>Trial Date: March 6, 2023<br>TIME: 9:00 a.m. |

　　　　This Court held a Final Pretrial Conference on December 1, 2022. Plaintiff Richard Giddens is proceeding pro se. Defendants Tim Mattos and Michael Urlaub are represented by Danielle Lewis from Selman Breitman, LLP. After the hearing, the Court makes the following findings and orders:

**I.　JURISDICTION / VENUE**

　　　　This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims arising under the laws of the United States, including 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367, because those claims are so related to the federal claims that they form part of the same case or controversy under Article

1

1  III of the United States Constitution.

2  Venue is appropriate in the Eastern District of California, Sacramento Division, under 28
3  U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim
4  occurred in this judicial district.

5  **II.    SETTLEMENT CONFERENCE**

6  At the Final Pretrial Conference, both parties agreed to a settlement conference. The
7  Court scheduled a settlement conference to occur before Magistrate Judge Newman on February
8  16, 2023 at 9:00 a.m.

9  **III.   JURY OR NON-JURY TRIAL**

10  The parties have demanded a jury trial. Accordingly, this matter shall be tried before a
11  jury. The Court shall empanel eight (8) jurors.

12  **IV.   UNDISPUTED FACTS**

13  Because the parties did not submit a plain and concise statement of undisputed facts as
14  required by Local Rule 281(b)(3), the Court proceeds as if there are no undisputed facts.

15  **V.    DISPUTED FACTUAL ISSUES**

16  The parties presented the following as disputed facts:

17  **A.    Plaintiff**

18  PLAINTIFF'S DISPUTED FACTUAL ISSUES ARE SOURCED FROM STATE TRIAL
19  AND DEPOSITION TRANSCRIPTS OUTLINED IN PLAINTIFF'S OPPOSITION TO
20  SUMMARY JUDGMENT "STATEMENT OF DISPUTED AND UNDISPUTED FACTS"
21  PAGES 16, 17, 18, 19, 20.

22  **B.    Defendants**

23  Plaintiff claims Mattos, during the arrest, unreasonably (1) "grabbed" Plaintiff, (2)
24  "slammed" his head into the wall, and (3) "threw" him to the ground. (ECF No. 39 at 7.) The
25  Court has ruled that while the parties agree Plaintiff resisted during the arrest, the jury must make
26  the credibility determinations as to the "degree of Plaintiff's physical resistance" and "the degree
27  of force used against him" by Commander Mattos. (ECF No. 112 at 14.) Each of the Plaintiff's
28  state law claims are also predicated on these specific determinations. (*Id.* at 17, 18, 19.)

Defendants dispute Plaintiff's contentions that his head was slammed into a wall and that he was thrown to the ground. Defendants further dispute that the force used against Plaintiff during the subject arrest was unreasonable. Instead, Defendants maintain that any and all force used was objectively reasonable and, in fact, necessary, given Plaintiff's physical resistance. Defendants further dispute the extent of the damages claimed by Plaintiff.

### C.   DISPUTED EVIDENTIARY ISSUES & MOTIONS IN LIMINE

The Court sets a filing deadline for motions in limine of February 6, 2023, with opposition briefs due by February 13, 2023.

### D.   SEPARATE TRIAL OF ISSUES

Nothing anticipated at this time.

### E.   WITNESSES

The parties' lists of prospective witnesses are memorialized in the Joint Final Pretrial Conference Statement and are incorporated herein.

A.   No other witnesses will be permitted to testify unless: (1) the party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the Final Pretrial Conference, or (2) the witness was discovered after the Final Pretrial Conference and the proffering party makes the showing required in section B below.

B.   Upon the post-pretrial discovery of witnesses, the attorney shall promptly inform the Court and opposing parties of the existence of the unlisted witnesses so that the Court may consider at trial whether the witnesses shall be permitted to testify. The evidence will not be permitted unless: (1) the witnesses could not reasonably have been discovered prior to pretrial; (2) the Court and opposing counsel were promptly notified upon discovery of the witnesses; (3) if time permitted, counsel proffered the witnesses for deposition; and (4) if time did not permit, a reasonable summary of the witnesses' testimony was provided by opposing counsel.

### F.   EXHIBITS — SCHEDULES AND SUMMARIES

The parties' lists of proposed exhibits are memorialized in the Joint Final Pretrial Conference Statement and are incorporated herein.

**Plaintiff's exhibits shall be listed numerically.  Defendant's exhibits shall be listed alphabetically.**  The parties shall use the standard exhibit stickers provided by the Court Clerk's Office:  pink for Plaintiffs and blue for Defendants.  After three letters, note the number of letters in parenthesis (i.e., "AAAA(4)") to reduce confusion during the trial.  All multi-page exhibits shall be fastened together and each page within the exhibit shall be numbered.  All photographs shall be marked individually.  The list of exhibits shall not include excerpts of depositions which may be used to impeach witnesses.

Each party may use an exhibit designated by the other.  In the event that Plaintiff and Defendants offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is first identified.  The Court cautions the parties to pay attention to this detail so that all concerned will not be confused by one exhibit being identified with both a number and a letter.

A. The Court will not permit introduction of other exhibits unless: (1) the party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Scheduling Conference, or (2) the exhibit was discovered after the Pretrial Scheduling Conference and the proffering party makes the showing required in paragraph "B" below.

B. Upon the post-pretrial discovery of exhibits, the attorneys shall promptly inform the Court and opposing counsel of the existence of such exhibits so that the Court may consider at trial their admissibility.  The exhibits will not be received unless the proffering party demonstrates: (1) the exhibits could not reasonably have been discovered prior to pretrial; (2) the Court and counsel were promptly informed of their existence; (3) counsel forwarded a copy of the exhibit(s) (if physically possible) to opposing counsel.  If the exhibit(s) may not be copied, the proffering counsel must show that he or she has made the exhibit(s) reasonably available for inspection by opposing counsel.

C. As to each exhibit, each party is ordered to exchange a copy identical to the Court's copy, or other reproduction of the exhibit(s) in a three-ring binder(s) **no later than one week before trial.**

D. The attorney or representative for each party is directed to present one copy of the

exhibit(s) and exhibit list to the Court Clerk's Office, **no later than 3:00 p.m., one week before trial**, or at such earlier time as may be ordered by the Court.  The Court shall be presented with a copy of the exhibit(s) in a 3-ring binder(s) with a side tab identifying each exhibit by number or letter.  Each binder shall be no larger than three inches in width and have an identification label on the front and side panel.

   E. It is the duty of counsel to ensure that witnesses have access to a copy of exhibit(s) if needed.

  **G.** **DISCOVERY DOCUMENTS**

   A. Lodging Deposition Transcripts and Video Files

It is the duty of counsel to ensure that any deposition transcripts which are to be used at trial have been lodged with the Clerk of the Court **one week prior to trial**.  Counsel are cautioned that a failure to discharge this duty may result in the Court precluding use of the deposition or imposition of such other sanctions as the Court deems appropriate.

   B. Use of Depositions

The parties are ordered to file with the Court and exchange between themselves **not later than one week before trial** a statement designating portions of depositions intended to be offered or read into evidence (except for portions to be used only for impeachment or rebuttal).

   C. Interrogatories and Admissions

To the extent the parties intend to offer or read into evidence any portions of Answers to Interrogatories or Admissions, a statement designating those discovery responses shall also be filed and exchanged **not later than one week before trial** (except portions to be used only for impeachment or rebuttal).

  **H.** **FURTHER DISCOVERY OR MOTIONS**

Pursuant to the Court's Pretrial Scheduling Order, all discovery and law and motion was to have been conducted so as to be completed as of the date of the Final Pretrial Conference.  That Order is confirmed.  The parties are free to engage in informal agreements regarding discovery and law and motion matters.  However, any such agreements will not be enforceable in this Court.

**I.     AGREED STATEMENTS — JOINT STATEMENT OF CASE**

Because the parties cannot agree on a joint statement of the case, the Court will prepare its own short statement of the case to be read to the jury at trial.

**J.     PROPOSED JURY INSTRUCTIONS, VOIR DIRE, VERDICT FORM**

A.     Jury Instructions

Counsel are directed to meet and confer and to attempt to agree upon a joint set of jury instructions. Counsel shall use the Ninth Circuit Model Jury Instructions and any revisions. Alternate instruction or authority may only be used if a Ninth Circuit Model Jury Instruction is unavailable. All instructions shall be, to the extent possible, concise, understandable, and free from argument. *See* Local Rule 163(c). **Parties shall also note that any modifications of instructions from statutory authority, case law or from any form of pattern instructions must specifically state the modification by underlining additions and bracketing deletions.** Pursuant to Local Rule 163, jury instructions shall be filed with the Court **one week before trial**.

If the parties are unable to agree to a joint filing, the parties may submit separate filings.

B.     Verdict Form

The parties must file a joint verdict form(s) concurrently with proposed jury instructions **one week before trial**. If necessary, a special verdict or interrogatories shall be included for all factual disputes submitted to the jury that must be resolved before questions of law can be decided, and for any other issue on which specific responses are desired. *See* Local Rule 163(e).

If the parties are unable to agree to a joint filing, the parties may submit separate filings.

C.     Voir Dire

The parties shall submit proposed voir dire questions to the Court. The Court reserves the right to conduct all examination of prospective jurors. Pursuant to Local Rule 162.1, the voir dire questions shall be filed with the Court **one week before trial**.

If the parties are unable to agree to a joint filing, the parties may submit separate filings.

**K.     AUDIO/VISUAL EQUIPMENT**

The parties are required to notify the Courtroom Deputy Clerk, Michele Krueger, **twenty-one (21) days before trial**, if they wish to reserve and arrange for orientation with all parties on

the Court's mobile audio/visual equipment for presentation of evidence.  There will be one date and time for such orientation.

### L.     DATE AND LENGTH OF TRIAL

Trial is scheduled for **Monday, March 6, 2023**.  The estimated length of trial is five (5) days, but the Court will allow up to seven (7) days for trial.  The parties are to email Michele Krueger, Courtroom Deputy Clerk, at mkrueger@caed.uscourts.gov or call 916-930-4163 by **February 13, 2023,** to ascertain the status of the trial date.

### M.     TIME LIMITS FOR OPENINGS, CLOSINGS, AND REBUTTAL

Pursuant to the parties' requests, the Court grants Plaintiff 30 minutes for opening, 5 minutes for closing, and 3 minutes for rebuttal.  The Court grants Defendants 30 minutes for opening and 45 minutes for closing.

### N.     AMENDMENT BY INTERLINEATION

The Court amends by interlineation the Joint Pretrial Statement, ECF No. 121, page 3, line 28 to read: "arrest without probable cause and the fact that the officers used excessive force, causing trauma that was video".

### O.     OBJECTIONS TO PRETRIAL ORDER

Each party is granted **fourteen (14) days** from the entry of this Final Pretrial Order to object to any part of the order or to request augmentation to it.  A Final Pretrial Order will be modified only upon a showing of manifest injustice.  If no objection or modifications are made, this Order will become final without further order of the Court and shall control the subsequent course of the action, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

**DATE: DECEMBER 8, 2022**

_____
Troy L. Nunley
United States District Judge